IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **IMPACT NETWORKING, LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**IMPACT SOLUTIONS, LLC,**<br><br>　　Defendant. | No. _____ |

## COMPLAINT

Plaintiff IMPACT NETWORKING, LLC, by its undersigned attorneys, complains against Defendant IMPACT SOLUTIONS, LLC, as follows:

### Nature of Action

1. Plaintiff Impact Networking, LLC ("Plaintiff" or "Impact Networking") is a market leader in the provision of IT services. Impact Networking has been in business since 1999, using its two federally registered trademarks (one a logo and one a word mark, the salient portion of each being "IMPACT") to designate the source of its products and services. For almost two decades, it built its reputation and established its goodwill using its trademarks. Defendant Impact Solutions, LLC ("Defendant" or "Impact Solutions"), in contrast, is a newer entrant into the IT services space. By using a similar trademark to provide the same services in the same geographic area, Impact Solutions is likely to cause consumer confusion as to the source of its services vis-à-vis Impact Networking and/or suggest an affiliation between the two companies when none exists. Impact Networking brings this action to stop Impact Solutions' unlawful practices, disgorge Impact Solutions' improper gains, if any, and to compensate it for its lost goodwill and reputation.

**Jurisdiction and Venue**

2. This is a civil action seeking damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114, 1125, *et seq*. as well as related Indiana common law claims.

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, as those claims form part of the same case and controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as consumers are likely to be confused by Defendant's infringing use in this District and also Plaintiff's registered marks are intellectual property located in this District.

5. In the alternative, venue is proper pursuant to 28 U.S.C. § 1391(b)(3) as Defendant Impact Solutions is an Indiana company doing business in this District.

**Parties**

6. Plaintiff Impact Networking is an Illinois limited liability company with its principal place of business in Illinois. Plaintiff is also doing business in Indiana and in this District, having offices in Hammond and Indianapolis.

7. Defendant Impact Solutions is an Indiana company with its principal place of business in Fishers, Indiana.

8. Both Impact Networking and Impact Solutions provide the same IT services. They are direct competitors in the same geographic area.

**Relevant Facts**

9. Plaintiff Impact Networking began using "Impact" in commerce and as part of its trademarks, both in word and logo form, in 1999. Since that time, Impact Networking has

continually used its trademarks in connection with all of its products and services, including but not limited to its IT services.

10. In providing its IT services, Plaintiff Impact Networking generally acts as an outside IT department for businesses who do not want to maintain one internally or who wish to use highly-trained IT experts. Plaintiff Impact Networking's IT services include: strategic IT consulting; website and app development; and managed IT that non-exclusively includes data backup and disaster recovery, network security, hardware virtualization, and desktop virtualization.

11. Impact Networking applied for and received federally registered service marks 2425077 and 2428340 for "Impact Networking" in January 30 and February 13 of 2001 (collectively, the "Marks"). True and correct copies of the registrations for the Marks are attached hereto as **Exhibits A and B**.

12. The salient portion of each of the Marks is the non-descriptive word IMPACT, both in word and logo form. Moreover, in its registrations, Plaintiff Impact Networking disclaimed any right or interest in "Networking" apart from the Marks as shown. *Id.*

13. Impact Networking's registrations are active and constitute *prima facie* evidence of Impact Networking's ownership of the Marks.

14. Impact Networking has expended considerable time and effort of its employees and agents, to promote widely its IT services via the Marks to customers in Indiana and beyond. Per month, Impact Networking's sales team, in excess of 50 salespersons, collectively makes over tens of thousands of cold-calls. These calls consist of telemarketing calls and in-person visits.

15. Impact Networking has expended considerable sums of money to promote widely its IT services via the Marks to customers in Indiana and beyond. In 2016, Plaintiff Impact Networking's

advertising spend was in excess of $1,000,000, and for 2017 through June, Plaintiff Impact Networking's advertising spend was already in excess of $1,000,000.

16. Impact Networking is a corporate sponsor of the Indianapolis Indians and Indianapolis Motor Speedway. In the surrounding markets, Impact Networking sponsors the Chicago Blackhawks, Chicago Cubs, Chicago Wolves, and Chicago Sky. These sponsorships provide Impact Networking with an advertising presence, both televised and in person, during home games for the various teams and events.

17. Plaintiff Impact Networking has been offering its IT services in the State of Indiana since its inception in 1999.

18. Defendant Impact Solutions has only been in business since 2007, almost a decade after Impact Networking began to offer its IT services under the Marks.

19. In August of this year, Impact Networking learned of Impact Solutions and discovered its infringement of the Marks, as more specifically set forth below.

20. Defendant Impact Solutions' use of "Impact" in its name and as a trademark is likely to cause confusion, mistake and deceive third parties as to the affiliation, connection or association of Impact Solutions with Impact Networking and as to whether or not Impact Networking has anything to do with the origin, sponsorship, or approval of the goods, services or other commercial activities of Impact Solutions.

21. Plaintiff Impact Networking sent Defendant a cease and desist letter on August 29, 2017, demanding that it stop using its confusingly similar marks in the IT field.

22. Impact Solutions responded to the cease and desist letter on September 15, 2017, refusing to stop its use of its confusingly similar marks.

**COUNT I**
**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

23. Impact Networking incorporates Paragraphs 1 to 22 as if fully stated herein.

24. Impact Networking is the sole and exclusive owner of the federally registered IMPACT Marks.

25. Through the marketing and operation of Impact Networking related to its IT services under the Marks, the products, services and goodwill associated therewith have become well known to the general public and the general business community in Indiana and Illinois.

26. Section 1114 of the Lanham Act precludes the use in commerce of any copy, counterfeit, or colorable imitation of a registered mark in connection with the sale or offering for sale of goods and services likely to cause consumer confusion.

27. Defendant Impact Solutions' use of "Impact" as a word mark is aurally indistinguishable from Plaintiff's Marks. Moreover, Defendant's use of its logo is visually similar to Plaintiff's "Impact" logo, with not only the salient portion of Defendant's logo being the word IMPACT, but both logos employing a stylized, lower-case "i".

28. Plaintiff Impact Networking's Marks are strong and distinct.

29. On information and belief, Plaintiff Impact Networking and Defendant Impact Solutions use the same channels of advertising, namely both advertise through their respective websites, email, telemarketing calls, word of mouth, in person visits, employee uniforms, and giveaways.

30. On information and belief, Defendant Impact Solutions' trademark infringement is intentional and deliberate. Despite its direct, actual knowledge of Impact Networking's Marks through the cease and desist letter, Impact Solutions willfully and intentionally persists in the aforesaid infringement.

31. Defendant Impact Solutions' use of similar marks in the same geographic area for the same services is likely to cause consumer confusion.

32. Impact Solutions' infringement is without license from or permission by Impact Networking.

33. Impact Solutions' actions has caused and, unless restrained and enjoined, will continue to cause irreparable harm, damage and injury to Impact Networking for which Impact Networking has no adequate remedy at law.

34. Impact Solutions' willful and defiant disregard of the cease and desist letter and willful and continued use of a name confusingly similar to Impact Solutions' makes this case an exceptional case for which an award of Impact Networking's reasonable attorneys' fees and exemplary damages is warranted.

## COUNT II
## UNFAIR COMPETITION-15 U.S.C. § 1125

35. Impact Networking incorporates Paragraphs 1 to 34 as if fully stated herein.

36. Section 1125(a) of the Lanham Act precludes the use in commerce of any word, term or name likely to cause confusion as to the affiliation, connection or association as to the origin or sponsorship of goods or services by another person.

37. Impact Solutions' use of its word mark and logo in connection with goods and services virtually identical to those offered by Impact Networking constitutes infringement of Impact Networking's rights and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Impact Solutions' services and products, in violation of 15 U.S.C. § 1125.

38. The unlawful activities of Impact Solutions complained of herein have caused and, unless restrained and enjoined, will continue to cause irreparable harm, damage and injury to Impact Networking without for which Impact Networking has no adequate remedy at law.

39. The above statements coupled with Impact Solutions' willful and defiant disregard of the cease and desist letter makes this case an exceptional case for which an award of Impact Networking's reasonable attorneys' fees and exemplary damages is warranted.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

40. Plaintiff Impact Networking incorporates Paragraphs 1 to 39 as if fully stated herein.

41. Defendant Impact Solutions' use of a word mark and logo confusingly similar to Impact Networking to provide the same services as Impact Networking without Impact Networking's consent:

   a. caused, and continues to cause, a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Impact Solutions' products and services;

   b. caused, and continues to cause, a likelihood of confusion or of misunderstanding as to affiliation, connection or association between Impact Solutions and Impact Networking; and/or

   c. created, and continues to create, a likelihood of confusion or misunderstanding among consumers, generally as between the products and services of Impact Solutions and those of Impact Networking.

42. Defendant Impact Solutions has intentionally and willfully engaged in unfair competition in that Impact Solutions' use of a word mark and logo confusingly similar to Impact Networking to provide the same services as Impact Networking likely creates confusion in the public mind,

and misappropriates Impact Networking's rights and the goodwill it has established, all to the irreparable injury of Impact Networking.

43. Defendant Impact Solutions' actions constitute trademark infringement and unfair competition in violation of Indiana common law.

44. On information and belief, Defendant Impact Solutions' acts of unfair competition, including trademark infringement, were done knowingly, intentionally and willfully.

45. Defendant Impact Solutions' infringement has caused and, unless restrained and enjoined, will continue to cause irreparable harm, damages and injury to Plaintiff Impact Networking for which Plaintiff Impact Networking has no adequate remedy at law.

## Relief Requested

WHEREFORE, Impact Networking prays as follows:

1. That the Court enter judgment in favor of Impact Networking against Impact Solutions for all damages proximately caused by Impact Solutions and further award Impact Networking its attorney fees and costs incurred in the prosecution of this action;

2. That the Court find that Defendant Impact Solutions has violated 15 U.S.C. § 1114 and grant Impact Networking preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. § 1117(a)-(c) consisting of Impact Solutions' profits, any damages sustained by Impact Networking and the cost of the action; said amount to be trebled; that the Court award Impact Networking its attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just; that the Court in the alternative, if elected by Impact Networking, award statutory damages against Impact Solutions;

3. That the Court find that Defendant Impact Solutions has violated 15 § U.S.C. 1125(a)

and thus grant Impact Networking preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. § 1117(a) consisting of Impact Solutions' profits, any damages sustained by Impact Networking and the cost of the action; said amount to be trebled; that the Court award Impact Networking its attorney fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just;

4. That the Court find that Defendant Impact Solutions' conduct has violated the common law of the State of Indiana constituting trademark infringement and unfair competition and thus grant Impact Networking preliminary and permanent injunctive relief together with all damages, costs, expenses, and attorney fees owed to Plaintiff Impact Networking pursuant to Indiana common law and by reason of Defendant's willful and deliberate actions; and

5. That the Court award such other and further relief as it deems just and equitable.

Dated: December 19, 2017

Respectfully submitted,

Impact Networking, LLC

By:   /s/  *David C. Van Dyke*

David C. Van Dyke
Joseph W. Barber
HOWARD & HOWARD, PLLC
200 S. Michigan Ave. #1100
Chicago, IL  60604
(312) 372-4000
dvandyke@howardandhoward.com
jwbarber@howardandhoward.com

## **CERTIFICATE OF SERVICE**

      I, David C. Van Dyke, an attorney of record in this matter, certify that on December 19, 2017, I caused a copy of the foregoing Plaintiff's **Complaint** to be filed by the Court's CM/ECF filing system, thereby serving a copy on all counsel of record.

Dated: December 19, 2017                       */s/   David C. Van Dyke*
                                                              David C. Van Dyke